UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LINDA ROWAN,

*Plaintiff-Appellant,*

v.

TRACTOR SUPPLY COMPANY,

*Defendant-Appellee.*

No. 02-1523

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-00-467-7)

Argued: January 23, 2003

Decided: September 2, 2004

Before WIDENER and NIEMEYER, Circuit Judges, and
Morton I. GREENBERG, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Terry N. Grimes, FRANKLIN COMMONS, Roanoke,
Virginia, for Appellant. James Moss Johnson, Jr., MCGUIRE-
WOODS, L.L.P., Charlottesville, Virginia, for Appellee. **ON BRIEF:**
R. Craig Wood, MCGUIREWOODS, L.L.P., Charlottesville, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Linda Rowan, an at-will employee of Tractor Supply Company, commenced this action for wrongful discharge against Tractor Supply, which terminated her for pursuing criminal assault charges against a fellow employee. The district court dismissed her complaint, concluding that the narrow exceptions to Virginia's at-will employment doctrine did not apply in this case. We affirm.

Rowan worked as an office manager and cashier at Tractor Supply's Christianburg, Virginia store. During her employment, Rowan discovered information that led her to believe that her manager, Jerry Snider, was embezzling money from the store. She also observed Snider displaying inappropriate intimacy with a subordinate at the store. When Rowan expressed her concerns about these matters to Snider, he reacted violently, pinning Rowan back against her desk and twisting her left arm. He then told Rowan that she would "be sorry" if she went against him. The attack left Rowan with swelling and bruises that required medical treatment.

The day after the attack, September 8, 1999, Rowan met with Rodney Carter, Snider's boss. Rowan alleges that Carter "expressed no concern for [her] or the fact that she had been attacked . . . in the workplace" and instead asked her whether she had told anyone else about the attack. Several days later, according to Rowan, another employee of Tractor Supply contacted her to tell her to "keep her mouth shut" or she would "suffer the consequences."

Rowan reported the attack to the police on September 11, and the Commonwealth of Virginia filed charges against Snider. At the suggestion of the police officer, Rowan filed a civil action against Snider. The civil claim came to trial in the General District Court of Montgomery County, and Rowan was awarded damages of $1500 plus interest and costs.

While the criminal charges were still pending, Snider was transferred to another Tractor Supply store, and Mike Jones took Snider's place as manager of the Christianburg store. According to Rowan, Jones told her that Tractor Supply wanted her to "drop" the criminal charges against Snider, and that if she complied, she would not be "black-balled" by the company anymore.[1] Rowan told Jones that she could not, and in any event would not, drop the criminal charges. Jones told her that she "should not play around with Rodney Carter because he was a dangerous and powerful person and could hurt [her]." After this conversation, Rowan states that she experienced a number of mysterious and threatening events: the air was let out of her tires several times, prowlers crept around her porch at night, and someone killed her cat. Also, on February 16, 2000, a few weeks before the criminal trial against Snider, Tractor Supply terminated Rowan's employment. In Rowan's opinion, she was terminated because she refused to ask the Commonwealth's Attorney to drop the criminal charges against Snider.

Not to be intimidated, however, Rowan persisted in her course of action. On March 7, 2000, she testified in the criminal case against Snider, and he was convicted of criminal assault and battery by the General District Court of Montgomery County.

On May 12, 2000, she also filed a two-count civil complaint against Tractor Supply in the Circuit Court for the City of Roanoke — one count for wrongful termination in violation of Virginia public policy, and one for retaliatory firing. Tractor Supply removed the case

---

[1]Jones appears to have believed that the victim of a crime brings charges against a defendant and can "drop" them at any time. In reality, of course, even a personal crime like assault is an offense against the Commonwealth, and criminal charges may be dropped only upon motion of the Commonwealth and at the discretion of the court. *See* Va. Code Ann. § 19.2-265.3. In practical terms, however, this misperception has some truth in the sense that a victim is usually the star witness in a criminal case, and without that witness' cooperation, the Commonwealth will sometimes decline to prosecute the case. As the district court noted, therefore, Jones's request that Rowan "drop" the criminal charges must be taken as a request that she ask the Commonwealth's Attorney to do so.

to federal court, based on diversity jurisdiction, and the parties later agreed to a dismissal of the retaliatory-firing count.

On Tractor Supply's motion for judgment on the pleadings and Rowan's motion to certify a question to the Virginia Supreme Court, the district court issued a Memorandum Opinion dated June 6, 2001. The court noted that "[i]n general, Virginia adheres to the 'employment at will doctrine,'" wherein either party to an open-ended contract for services is at liberty to terminate the contract at will. However, in a line of cases beginning with *Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 801 (Va. 1985), the Virginia Supreme Court carved out a "narrow exception" to this rule for cases where an employer violates an "established public policy" in discharging an employee. The district court then considered the five Virginia statutes whose public policy Rowan contended Tractor Supply violated in terminating her:

1. Va. Code § 18.2-460 (obstruction of justice), which prohibits using "threats or force . . . to intimidate . . . [a] witness . . . or to obstruct or impede the administration of justice in any court."

2. Va. Code § 18.2-465.1, which prohibits employers from taking "any adverse personnel action" against an employee "as a result of [the employee's] absence from employment due to . . . [a] court appearance. . . ."

3. Va. Code § 19.2-11.01(A), which requires the "crime victim and witness assistance program" to advise witnesses about their rights, including those contained in § 18.2-465.1.

4. Va. Code § 19.2-267, which makes disobeying a witness summons in a criminal case a punishable offense.

5. Va. Code § 18.2-456, which enables courts to punish summarily, as contempt of court, disobedience to a court order.

Setting aside the obstruction-of-justice statute, the district court first addressed the other four. The court found that § 18.2-465.1 and the related § 19.2-11.01(A) were inapplicable, because they were explicitly limited to terminations "as a result of" an absence from work. The court noted that Rowan did not allege that she was terminated because she was planning to be absent from work, but rather because her employer (justifiably or not) did not like the fact that she was testifying against another of its employees. The court found that the statute's purpose was to protect witnesses from adverse employment action based on the fact of their having missed work to appear in court, not on the content of their testimony.

The court then considered the final two statutes, § 19.2-267 and § 18.2-456 (making the disobedience of a subpoena an offense and enabling courts to punish such offenses summarily), and found that these statutes were similarly irrelevant. Although Rowan had been issued a subpoena to testify at Snider's trial and it would have been a punishable offense had she simply failed to show up on the appointed day, Rowan did not allege that her employer asked her to disobey the subpoena. Rather, her supervisor asked her to "drop" the charges — or in more precise terms, to ask the Commonwealth's Attorney to drop the charges. This proposed course of action is quite distinct from disobeying the subpoena by failing to attend court, if the charges were still pending. Therefore, the district court found that these statutes could not ground Rowan's *Bowman* claim.

The district court then turned to Rowan's claim that by terminating her, Tractor Supply violated the public policy behind the obstruction-of-justice statute. The district court concluded that the precedent on this question was inscrutable, and therefore it granted Rowan's motion to certify to the Virginia Supreme Court the following question: "Does a complaint state a *Bowman* claim under § 18.2-460 [obstruction of justice] when the plaintiff, an at-will employee, alleges that her employer terminated her employment because she refused to yield to employer's demand that she discontinue pursuing criminal charges of assault and battery against a fellow employee?" The Virginia Supreme Court answered this question in the negative, concluding in *Rowan v. Tractor Supply Co.*, 559 S.E.2d 709 (Va. 2002), that the public policy behind the obstruction-of-justice statute is "not to protect *individuals* from intimidation, but to protect the pub-

lic from a flawed legal system due to impaired prosecution of criminals." *Id.* at 712 (emphasis in original).

In light of the Virginia Supreme Court's answer to the certified question, as well as the conclusions that the district court had reached in its Memorandum Opinion of June 6, 2001, the district court granted Tractor Supply's motion for judgment on the pleadings in a Final Order dated April 19, 2002.

On appeal, we have reviewed the record carefully and considered the arguments of counsel made in their briefs and at oral argument. For the reasons fully set forth by the district court in *Rowan v. Tractor Supply Co.*, Civil Action No. 7:00CV00467 (W.D. Va. June 6, 2001), and in *Rowan v. Tractor Supply Co.*, Civil Action No. 7:00CV00467 (W.D. Va. Apr. 19, 2002), we affirm the judgment of the district court.[2]

*AFFIRMED*

---

[2]We also decline Rowan's invitation to certify to the Virginia Supreme Court the questions not certified to that court in the earlier certification order.